IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ELLIOT WHEELER                                                                         PLAINTIFF

V.                                                           CIVIL ACTION NO. 4:17-CV-96-SA-JMV

ROBERT WILIAMS, OSCAR GRIFFIN,
REV. MORRIS ALLEN, DOSHIA REDMOND,
DR. DORIS BARNES WARE, in their official
and individual capacities, and HUMPHREYS
COUNTY SCHOOL DISTRICT                                                                 DEFENDANTS

MEMORANDUM OPINION

On May 21, 2018, Elliot Wheeler, former Superintendent of Humphreys County School District, filed his Second Amended Complaint [28] with this Court against the Humphreys County School District and members of the Board of Trustees for the Humphreys County School District in both their individual and official capacities. Now before the Court is Defendants' Third Motion to Dismiss [29] pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants Humphreys County School District, Robert Williams, Oscar Griffin, Rev. Morris Allen, Doshia Redmond, and Dr. Doris Barnes Ware.

*Factual and Procedural Background*

On January 10, 2017, the Board of Trustees for the Humphreys County School District voted to set the Plaintiff's salary at $106,964, as authorized by Mississippi Code Section 37-9-69. On January 31, 2017, the Board of Trustees met in a special meeting and voted to set the Plaintiff's salary at $90,000. In his Second Amended Complaint [28], the Plaintiff seeks a Writ of Mandamus compelling the Defendants to execute and implement the $106,964 salary approved by the Board of Trustees on January 10, 2017. In the alternative, the Plaintiff seeks to impose liability on Humphreys County under the Mississippi Tort Claims Act for breach of duty for failing to carry

out the ministerial act of paying the Plaintiff the $106,964 salary approved on January 10, 2017. The Plaintiff also asserts claims under the Fourteenth Amendment Due Process clause and Fifth Amendment takings clause.

The Plaintiff alleges that when the Board voted on January 10, 2017, to set his salary at $106,964, his right to receive this salary ripened into a property interest protected by the Fourteenth Amendment's due process clause and Article III, Section 14 of the Mississippi Constitution. The Plaintiff argues that because the Board of Trustees did not have the authority under Mississippi Code Section 37-9-37 to reduce his salary on January 31, 2017, the salary reduction constitutes a breach of contract and a violation of the Fifth Amendment's takings clause and Article III, Section 17 of the Mississippi Constitution. The Plaintiff seeks a writ of mandamus compelling the school district to pay his original salary or damages in the amount of $16,964 from the Defendants individually, or in the alternative, against the School District under the Mississippi Tort Claims Act.

On May 23, 2018, the Defendants filed their Third Motion to Dismiss [29] pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Defendants argue that this Court does not have jurisdiction over the matter because the Plaintiff failed to avail himself of the statutory appeal process for judicial review applicable to an employee aggrieved by a final decision of the School Board under Mississippi Code Section 37-9-113(2). This statute indicates that an employee must file an appeal of a school board's final decision within twenty days from the date of the decision. *Breland v. Harrison County School Board*, 96 So. 3d 61, 65 (Miss. App. 2012). The Defendants argue that because the Plaintiff failed to file within the statutory limit, and instead filed a Writ of Mandamus with this Court four months later, this Court has no jurisdiction over the matter.

*Jurisdiction*

"When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, . . . courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. Appx. 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Morgan v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This "'prevents a court without jurisdiction from prematurely dismissing a case with prejudice.'" *Id*. at 860-61 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)); *Hitt v. City of Pasadena, Tex.*, 561 F. 2d 606, 608 (5th Cir. 1977) (per curiam). Accordingly, the Court first addresses the jurisdictional issues.

A Rule 12(b)(1) motion allows a party to challenge the Court's subject matter jurisdiction. "'[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist.'" *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quoting *Menchaca v. Chrysler Credit. Corp.*, 613 F. 2d 507, 511 (5th Cir. 1980) (citations omitted)). In ruling on a Rule 12(b)(1) motion to dismiss, the Court can consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (internal quotation marks and citation omitted).

Pursuant to Rule 12(b)(1), the Defendants argue that the Court lacks subject-matter jurisdiction of the case because the Plaintiff did not comply with Mississippi Code Section 37–9–113 due to his failure to file a petition for appeal in chancery court within twenty days after receipt of the final decision of the school board. Instead of filing a petition with the chancery court as

required by statute, the Plaintiff opted to file his Writ of Mandamus in this Court challenging the decrease in his salary as wrongful and unlawful. The Plaintiff argues that Section 37-9-113 is inapplicable in the instant case because the statute is limited to the nonrenewal of an educator's contract and disciplinary suspension or discharge of a licensed professional educator.

The statute provides in pertinent part:

(1) Any employee aggrieved by a final decision of the school board is entitled to judicial review thereof, as hereinafter provided.
(2) An appeal may be taken by such employee to the chancery court of the judicial district in which the school district is located, by filing a petition with the clerk of that court and executing and filing bond payable to the school board with sufficient sureties, in the penalty of not less than Two Hundred Dollars ($200.00), conditioned upon the payment of all of the costs of appeal, within twenty (20) days of the receipt of the final decision of the board.

MISS. CODE. ANN. § 37–9–113.

While the Plaintiff argues that Section 37-9-113 is inapplicable to this matter, he has provided no authority or argument supporting his contention to overcome his burden under 12(b)(6). Given the bare assertions contained in his Complaint, the Plaintiff has wholly failed to meet his burden of proof that jurisdiction does in fact exist. *Ramming v. U.S.*, 281 F.3d 158 (5th Cir. 2001). With no contrary authority presented, the Court finds that the Plaintiff is subject to the judicial procedures provided in Section 37-9-113 because a reduction in salary is a final decision by the school board and judicial review lies firmly with the chancery court.[1] *See LaCour v.*

---

[1] *See Stidham v. Choctaw County School District et al*, Civil No. 1:00-CV-152-JAD (N.D. Miss. Oct. 9, 2001) (finding no evidence to support claims of unconstitutional taking or retaliation in response to exercise of First Amendment rights arising from school board's discretionary decision to select $54,000 as superintendent's salary); *Ellis v. Tupelo Pub. Sch. Dist.*, No. 1:12–CV–234–SA, 2014 WL 1285947, at *3 (N.D. Miss. Mar. 31, 2014) ("Any employee dissatisfied with the board's final decision is entitled to judicial review" by the chancery court.); *Ray v. Lowndes County Sch. Dist.*, 205 So. 3d 1096, 1098 (Miss. App. 2016) ("Next, Ray appealed the Board's decision to the Chancery Court"); *Felton v. Leake County Sch. Dist.*, 2015 WL 5190652, at *9 (S.D. Miss. Sept. 7, 2015) ("Felton filed her notice of appeal of the school-board decision in Chancery Court"); *Johnson v. Luckett*, 2016 WL 1091876, at *2 (S.D. Miss. March 21, 2016) ("The teacher has a right to appeal an unfavorable decision to the chancery court, and then to the state supreme court." The Board "refused to provide a final decision, as mandated by Mississippi Code 37-9-113, and thus . . . denied her the right to appeal its decision to chancery court").

4

*Claiborne Cty. Sch. Dist.*, 119 So. 3d 1128, 1133 (Miss. Ct. App. 2013) ("The Legislature has provided, in [S]ection 37–9–113, the procedure for appealing a final decision of a school board."); "As used in Sections 37-9-101 through 37-9-113, the word 'employee' shall include (a) [a]ny teacher, principal, superintendent[,] or other professional personnel employed by the local school district." MISS. CODE ANN. § 37-9-11.

It is undisputed that the Plaintiff failed to timely file an appeal of the Board of Trustees' final salary decision with the chancery court. The Mississippi Supreme Court has "repeatedly held that the timely filing of an appeal is jurisdictional." *Breland v. Harrison County School Board*, 96 So. 3d 61, 65 (Miss. App. 2012); (*In re Estate of Ware*, 573 So. 2d 773, 774 (Miss. 1990) (recognizing that the time for perfecting an appeal is mandatory and jurisdictional).[2] Therefore, because of the Plaintiff's failure to comply with the judicial procedures in Section 37-9-113, this Court has no jurisdiction over this matter, and this case is dismissed without prejudice.

*Rule 12(b)(6) Discussion and Analysis*

Although the Court finds above that the Plaintiff's failure to comply with the mandates of Section 37-9-113 is a jurisdictional bar to his case, out of an abundance of caution the Court will briefly address the merits of his claim under the 12(b)(6) standard, as fully briefed by the Parties.

It is the purpose of a Rule 12(b)(6) motion to test the formal sufficiency of the statement for relief. *Murray v. Amoco Oil Co.*, 539 F. 2d 1385 (5th Cir. 1976). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 Fed. Appx. 215, 216–

---

[2] The Plaintiff also failed to file a bond with the chancery court, which is fatal to his appeal. *Breland v. Harrison County School Board*, 96 So. 3d 61, 65 (Miss. App. 2012); *5K Farms, Inc. v. Mississippi Dept. of Revenue*, 94 So.3d 221 (Miss. 2012)

5

17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 937, 173 L. Ed. 2d 868 (2009). It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In other words, a "[plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007). If there are insufficient factual allegations to raise a right to relief above the speculative level, the claim must be dismissed. *Id.* at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Assn*, 987 F.2d 278, 284 (5th Cir. 1993).

In his Second Amended Complaint [28], the Plaintiff alleges that the Board of Trustees had no discretion to reduce the Plaintiff's salary. In light of his salary reduction, the Plaintiff asserts five claims against the Defendants arising under, 1) the Fourteenth Amendment Due Process clause, arguing he has a property interest in the higher salary; 2) the Fifth Amendment Takings Clause; 3) the Mississippi Tort Claims Act for failing to carry out the ministerial act of paying the Plaintiff the salary approved on January 10, 2017; 4) common law breach of contract; and 5) a Writ of Mandamus compelling the Defendants to pay his original salary approved on January 10,

2017. Under the 12(b)(6) standard, the Court must determine whether the factual allegations in the Plaintiff's Complaint, taken as true, are enough to raise a right to relief above the speculative level.[3]

*Due Process*

A. Property Interest

To invoke the protections of procedural due process a plaintiff must have suffered a deprivation of life, liberty, or property. *Toler v. City of Greenville*, No. 4:96-CV-34-D, 1997 WL 332168, at *3 (N.D. Miss. June 4, 1997) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995). "Property interests are not created by the Constitution; rather, they stem from independent sources such as state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings." *Toler*, 1997 WL 332168, at *3; *Ridgely*, 512 F.3d at 735; *Blackburn*, 42 F.3d at 936–37 (citing *Perry v. Sinderman*, 408 U.S. 593, 599–601, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972)). To claim a property interest under the Fourteenth Amendment, the Plaintiff must "have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Blackburn*, 42 F.3d at 936 (citing *Roth*, 408 U.S. at 577, 92 S. Ct. 2701).

To support his claim, the Plaintiff asserts only that a contract and property interest ripened upon the fixing of his salary at $106,964 on January 10, 2017. "In deciding whether a plaintiff has met [his] burden, the court 'must accept as true all of the allegations contained in a complaint,' except for those allegations which are mere legal conclusions." *Doe v. Rust College*, 2015 WL 1273013, at *1 (N.D. Miss. Mar. 19, 2015) (citing *Ashcroft*, 556 U.S. 662, 678 (2009)). "Any legal

---

[3] "[N]ew factual allegations presented in a plaintiff's opposition to a motion to dismiss . . . are insufficient to cure deficient allegations in a complaint." *Braswell v. Vinson Guard Service*, 2018 WL 3148118 (S.D. Miss. June 27, 2018).

conclusions in a complaint must be supported by factual allegations." *Ashcroft*, 556 U.S. 662, 678 (2009).

The Plaintiff failed to allege plausible factual allegations supporting his assertion that he has a property interest in the $106,964 salary. While there is no dispute that the Board of Trustees has the authority to set the Superintendent's salary under Mississippi Code Section 37-9-37, the Plaintiff argues that the Board of Trustees did not have the authority to "re-set" his salary under the same Section. Although the Plaintiff failed to include any authority in support of this position, the Fifth Circuit has previously noted that "[a]n expectation of employment carries with it some protected expectations to salary." *Williams v. Texas Tech. University Health Sciences Center*, 6 F.3d 290, 293 (5th Cir. 1993) (citing *Eguia v. Tompkins*, 756 F.2d 1130, 1138 (5th Cir. 1985) (internal quotations omitted). However, under state law, the Board of Trustees has great discretion in setting the Superintendent's salary as described in Mississippi Code Section 37-9-37. Given this discretion, "we cannot say that . . . his property interest in the entirety of his salary was constitutionally protected." *Id.*; *see also* MISS. CODE ANN. § 37-9-37; Op. Atty. Gen. No. 2002-0291, Mayfield, July 19, 2002 ("a school board may set the salary for any superintendent . . . at the amount the board deems appropriate.").[4]

Based on the facts alleged in the Complaint, the Plaintiff failed to establish that he has a "legitimate claim of entitlement" to a higher salary. *Blackburn*, 42 F.3d at 936 (citing *Roth*, 408 U.S. at 577, 92 S. Ct. 2701). Therefore, dismissal is appropriate because the plaintiff has not alleged enough facts to state a property interest in his salary that is plausible on its face and has failed to "raise a right to relief above the speculative level." *Emesowum v. Hous. Police Dep't*, 561

---

[4] The Plaintiff was elected as Superintendent and as such, did not have a contract. The Board of Trustees did not formally approve a contract for the Plaintiff's salary of $106,964 on January 31, 2017.

Fed. Appx. 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).[5]

B. Substantive Due Process

Although the lack of a property interest is fatal to the Plaintiff's Substantive Due Process claim, even if the Plaintiff was able to establish a property interest, he has failed to allege that the Board's vote was not supported by a rational basis, as required. *See Brennan v. Stewart*, 834 F. 2d 1248, 1257-58 (5th Cir. 1998) (substantive due process violation occur when the government treats someone irrationally). Although the Plaintiff did not explicitly brief substantive due process, some of his claims sound there rather than in procedural due process. Whereas procedural due process focuses on the "procedures the government must follow before it deprives a person of life, liberty, or property[,]" substantive due process "asks whether the government has an adequate reason" for the deprivation. ERWIN CHEMERINSKY, CONSTITUTIONAL LAW: PRINCIPLES AND POLICIES 558 (4th ed. 2011). To prove a Substantive Due Process violation a public employee must "show that a public employer's decision 'so lacked a basis in fact' that it could have been said to have been made 'without professional judgment.'" *Jones v. Louisiana Bd. of Supers. of University of Louisiana Systems*, 809 F.3d 231, 240 (5th Cir. 2015) (citing *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 562-63 (5th Cir. 2003). The bar is high because a "federal court is generally not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." *Texas v. Walker*, 142 F.3d 813, 819 (5th Cir. 1998).

In his Complaint, the Plaintiff argues that the Board of Trustees did not have the authority to "re-fix" his salary at $90,000 on January 31, 2017. In support of his claim, the Plaintiff asserts

---

[5] *Southland Securities Corp., v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (the court "will not strain to find inferences favorable to the plaintiff.").

9

that the January 10, 2017, vote was a ministerial act and was a definite duty imposed by law. As discussed at length above, however, the Board of Trustees has great discretion to set the Superintendent's salary at an amount deemed appropriate by the Board under Mississippi Code Section 37-9-37. Op. Atty. Gen. No. 2002-0291, Mayfield, July 19, 2002 ("a school board may set the salary for any superintendent . . . at the amount the board deems appropriate."). In fact, the statutory language itself dictates that "school boards shall take into consideration" a number of factors in fixing a superintendent's salary. Absent any contrary authority or supporting facts, the Plaintiff has failed to allege that the Board of Trustees vote could have been construed as being made "without professional judgment." *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 562-63 (5th Cir. 2003).

    C. Procedural Due Process

As noted above, without a property interest the Plaintiff has no Due Process claim. The Court also recognizes that the Plaintiff failed to allege a cognizable deprivation of process required to establish a Procedural Due Process claim. "Procedural due process considers not the justice of a deprivation, but only the means by which the deprivation was effected." Thus, the injury that stems from a denial of due process is not the liberty or property that was taken from the plaintiff, but the fact that it was taken without sufficient process. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 222 (5th Cir. 2012). Although state law may provide the basis for the Plaintiff's property interest, "federal constitutional law determines what process is due." *Klingler v. Univ. of S. Miss.*, 612 Fed. Appx. 222, 229 (5th Cir. 2015). Thus, a due process analysis turns on whether an individual has a legitimate claim of entitlement to a specific outcome, as "state-created procedural rights that do no guarantee a particular outcome are not protected by the Fourteenth Amendment." *Olivia Y. ex rel. Johnson v. Barbour*, 351 F. Supp. 2d 543 (S.D. Miss. November 18, 2004).

10

The Plaintiff argues that he was denied procedural due process because he was not afforded a pre-deprivation hearing. In support, the Plaintiff offers a number of cases discussing the requirements of pre-termination requirements. However, this cause is not one concerning termination, but instead concerns a final salary decision by the school board. The Supreme Court held in *Hudson v. Palmer*, "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). It follows, then, that a statutorily authorized, discretional, deprivation of property does not violate the Due Process clause when state post-deprivation remedies are available. The Fifth Circuit recently held in *Green v. Greenwood Public School District*, that Mississippi Code Section 37-9-113 provides post-deprivation due process. 890 F.3d 240 (5th Cir. 2018).

Finally, "no denial of procedural due process occurs where a person has failed to utilize the state procedures available to him." *Rathjen v. Litchfield*, 878 F. 2d 836 (5th Cir. 1989) (citing *Myrick v. City of Dallas*, 810 F. 2d 1382 (5th Cir. 1987) (city employee questioned the adequacy of post-deprivation remedies but did not attempt to pursue them. "She cannot skip an available state remedy and then argue that the deprivation by the state was the inadequacy or lack of the skipped remedy.").

Considering the authority on this issue and the clear post-deprivation remedies available, the Plaintiff failed to meet his burden to overcome the Defendants motion to dismiss. Therefore, dismissal is appropriate under Rule 12(b)(6) as to the Plaintiff's procedural Due Process claim.[6]

---

[6] This case does not present a classic taking in which the government directly appropriates private property for its own use. *U.S. Fidelity & Guar. Co., v. McKeithen*, 226 F.3d 412, 416 (5th Cir. 2000). Rather, the alleged taking arises from a salary reduction. According to the Plaintiff, the school district violated the Fifth Amendment's Takings Clause

*Supplemental Jurisdiction*

A. MTCA

The Plaintiff seeks to impose liability under the MTCA against the Defendants, individually and in their official capacities, for breach of duty. The Plaintiff argues the Defendants failed to carry out the ministerial act of paying the Plaintiff $106,964 in accordance with the Board of Trustees' January 10, 2017, vote.[7] This Court may exercise supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367. With no independent federal law claims surviving, however, this Court "may decline to exercise supplemental jurisdiction" over the Plaintiff's breach of contract claim. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Having dismissed all federal claims on jurisdictional grounds, this Court declines to extend supplemental jurisdiction to hear the Plaintiff's breach of contract claim.

Alternatively, even if this Court extends jurisdiction over this matter, the Defendants Motion to Dismiss is proper. Mississippi Code Section 11-46-11(1) provides that "[a]fter all procedures within a governmental entity have been exhausted, any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity." The Mississippi Supreme Court "strictly applies the ninety-

---

upon the January 31, 2017, vote to reduce the Plaintiff's salary. The Plaintiff, however, has provided only bare assertions and has failed to "raise a right to relief above the speculative level." *Emesowum v. Hous. Police Dep't*, 561 Fed. Appx. 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). Thus, dismissal is appropriate under Rule 12(b)(6) because the plaintiff has alleged no facts to state a Fifth Amendment Takings Clause claim that is plausible on its face.

[7] The official-capacity claims against the Defendants Williams, Griffin, Allen, Redmond, and Ware constitute claims against the District. *See Kentucky v. Graham*, 473 U.S. 159, 165-166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

day-notice requirement." *Anthony v. Lamar County*, 2017 WL 4706906, * 2 (S.D. Miss. Oct. 19, 2017) (quoting *Gorton v. Rance*, 52 So. 3d 351, 358 (internal quotations omitted). It "is a hard-edged, mandatory rule," that applies "equally to cases in which no notice is filed, notice is filed after the complaint, or the complaint is filed sooner than ninety days after filing notice." *Anthony*, 2017 WL 4706906, * 2 (quoting *Gorton*, 52 So. 3d 351, 358 (Miss. 2011) (internal quotations omitted); *Brown v. Southwest Miss. Regional Med. Ctr.*, 989 So. 2d 933, 936 (Miss. Ct. App. 2008).

The Plaintiff filed suit against the Defendants on June 27, 2017,[8] and served notice on the Defendants the same day the Complaint was filed, thus failing to comply with the MTCA ninety-day pre-suit notice requirement.[9] While the Plaintiff filed a notice-of-claim letter on December 12, 2017, a "failure to provide proper statutory notice cannot be cured by serving notice-of-claim letters after a complaint is filed." *Pickett v. Panola County, Miss.*, 2015 WL 416967, *7 (N.D. Miss. Jan. 30, 2015) (citing *Price v. Clark*, 21 So.3d 509, 518-519 (Miss. 2009)). Therefore, the Plaintiff's state tort claims against Defendants are barred for his failure to comply with the MTCA's notice requirement. *See Alidoust v. Hancock County, Miss.*, 2017 WL 3298682, *2 (S.D. Miss. Aug. 2, 2017).

---

[8] "A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the party of a governmental entity or employee thereof, whether or not the discretion be abused." MISS. CODE ANN. § 11-46-9. "Accordingly, the school district and its employees are protected from liability while performing or failing to perform a statutory duty so long as ordinary care is exercised." *Lang v. Bay St. Louis/Waveland School Dist.*, 764 So. 2d 1234, 1240 (Miss. 1999).

[9] "Service of a complaint obviously cannot substitute for notice under the MTCA, since the ninety-day period must precede the filing of the complaint." *University of Mississippi Medical Center v. Easterling*, 928 So. 2d 815, 819-20 (Miss. 2006).

B. Breach of Contract

The Court may exercise supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367. With no independent federal law claims surviving, however, this Court "may decline to exercise supplemental jurisdiction" over the Plaintiff's breach of contract claim. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Having dismissed all federal claims, this Court declines to extend supplemental jurisdiction to hear the Plaintiff's breach of contract claim. Assuming, *arguendo*, that the Court does exercise jurisdiction over this claim, the Defendants' Motion to Dismiss is proper because there is no contract between the Plaintiff and the school district.

*Writ of Mandamus*

Finally, the Plaintiff seeks a Writ of Mandamus to compel the Defendants to execute and implement the $106,694 salary approved by the Board of Trustees on January 10, 2017. Mandamus is an appropriate remedy for "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion." *Cheney v. U.S. Dist. Ct.,* 542 U.S. 367, 380, 124 S. Ct. 2576, 159 L. Ed. 2d 459 (2004) (citations and internal quotation marks omitted); *see In re Volkswagen of Am., Inc.,* 545 F.3d 304, 309 (5th Cir. 2008) (en banc), *cert. denied,* 555 U.S. 1172, 129 S. Ct. 1336, 173 L. Ed. 2d 587 (2009). The Supreme Court has established three requirements that must be met before a writ may issue: (1) the party seeking issuance of the writ must have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process; (2) the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable; and (3) even if the first two prerequisites have been met, the issuing court, in the

exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. *In re Ford Motor Co.*, 591 F.3d 406, 415 (5th Cir. 2009).

The Plaintiff has not satisfied any of the three elements of mandamus review. As discussed above, the Plaintiff had the right to appeal the school board's final salary decision to the chancery court under Mississippi Code Section 37-9-113, but did not engage in judicial review. Thus, making this writ a substitute for the regular appeals process. Next, the Plaintiff has failed to establish that his right to mandamus is clear and indisputable, as he provided mere conclusory allegations instead of factual assertions. Finally, mandamus is inappropriate under the circumstances because mandamus will not lie to control the discretion of a school board. *Hinds County Democratic Executive Committee v. Muirhead*, 259 So. 2d 692 (Miss. 1972). Accordingly, this Court declines to consider the Plaintiff's petition for mandamus review.

*Conclusion*

The Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED. In the alternative, the Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is GRANTED. This case is dismissed without prejudice.

It is SO ORDERED on this the 27th day of November, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE